**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: | Chapter 7 |
| **CARHART, INC.**, | Bankruptcy No. 16-24720 |
| Debtor. | Honorable Pamela S. Hollis |
| **JOJI TAKADA**, not individually but as chapter 7 trustee for the bankruptcy estate of Carhart, Inc., | |
| Plaintiff, | |
| v. | |
| **KEXIN CARHART** | No. _____ |
| Defendants. | |

## ADVERSARY COMPLAINT

Joji Takada, not individually but as chapter 7 trustee (the "**Trustee**"), for the bankruptcy estate of Carhart, Inc. (the "**Debtor**"), by his attorneys, brings this adversary complaint for the avoidance and recovery of fraudulent transfers against Kexin Carhart (the "**Defendant**") pursuant to Sections 542, 544, 548 and 550 of Title 11 of the United States Code (the "**Bankruptcy Code**") and 740 ILCS 160/5(a)(1) and (a)(2).

## PARTIES

1. The Trustee is the duly appointed and qualified Chapter 7 Trustee of the Debtor's bankruptcy estate

2. Kexin Carhart ("**Kexin**" or "**Defendant**"), upon information and belief, was an employee of Debtor while Debtor operated. Defendant also is married to Chris E. Carhart, the owner and president of Debtor. Defendant previously resided at 3512 White Eagle

Drive, Naperville, IL 60564, which also was the corporate headquarters for Debtor. However, that residence was sold pursuant to Chris E. Carhart's Chapter 7 bankruptcy, which was filed in the United State Bankruptcy Court for the Middle District of Florida, Case #9:16-bk-06499-FMD on July 29, 2016. Chris E. Carhart subsequently was issued a discharge from bankruptcy on April 19, 2018. Upon information and belief, Defendant now resides at 621 Seaview Court, #P2, Marco Island, Florida 34145.

3. For purposes of this Complaint, Defendant is an "Insider" as that term is defined by 740 ILCS 160/2(g)(F).

## JURISDICTION AND VENUE

4. This adversary proceeding arises in the Debtor's chapter 7 bankruptcy case, filed on August 1, 2016, (the "**Petition Date**") and pending before this Court as Case Number 16-24720.

5. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. § 157(b) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

6. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (H), and this Court has constitutional authority to enter final judgments and orders herein. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

7.	This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

## **BACKGROUND FACTS**

8.	Upon information and belief, between August 1, 2012 and July 31, 2016, the Debtor received at least $3,000,000 (the "Funds") from customers to pay Debtor's creditors and/or the creditors of Carhart Halaska International LLC ("CHI").

9.	The Funds were deposited into an account in the name of the Debtor at MB Financial Bank, Aurora, Illinois, account no. xxxx68400 (the "Account").

10.	Defendant and Chris E. Carhart were the sole authorized signatories on the Account.

11.	Debtor is a 50% member of CHI, which is a Wisconsin Limited Liability Company.

12.	The other 50% member of CHI is Halaska International, a Wisconsin corporation solely owned by Chris Halaska ("Halaska"), a citizen of the State of Wisconsin.

13.	CHI was administratively dissolved by the Wisconsin Department of Financial Institutions on June 13, 2017.

14.	Debtor and/or CHI imported certain machine parts from China, which were subsequently sold to three major customers.

15.	All of the initial sale proceeds from the sale of the machine parts went into (or were supposed to go into) the Account. Chris E. Carhart and Defendant solely controlled the disbursement of monies from the Accounts.

16. Chris E. Carhart, Defendant's spouse, was one of two managers of CHI until Chris E. Carhart resigned as a manager of CHI in October 2013.

17. From August 1, 2012 through July 31, 2016, the Debtor made a transfers to the Defendant via written checks issued from the Account of at least $198,988.05 (the "**Financial Transfers**") with the intent to keep the Funds from Debtor's creditors.

18. At the time that the Defendant received the Financial Transfers, the Debtor had a liability and owed monies to CHI, Halaska International and/or Halaska.

19. Neither CHI, Halaska International or Halaska gave Debtor, Defendant or Chris E. Carhart permission to pay or transfer to Defendant any monies that belonged to CHI.

20. The Debtor made the financial transfers to Defendant in order to hide assets from Halaska, CHI and Halaska International.

21. A judgment ("Judgment") was entered against Debtor in the amount of $2,000,000.00 on behalf fo CHI, Halaska International and Halaska on May 19, 2016.

22. The Judgment was the result of a lawsuit against Debtor and Chris E. Carhart, which was filed on October 30, 2012 in the Circuit Court for Ozaukee County, Wisconsin and given case number 2012-CV-00613 and titled "*Carhart-Halaska International, LLC v. Carhart, Inc. et al.*" (hereinafter, the "State Court Case").

23. After the Debtor transferred substantially all of its assets to Defendant and the entry of the Judgment against Debtor, the Debtor filed its individual voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on August 1, 2016.

24. According to Debtor's Statement of Financial Disclosures (Docket #9, Line 30), dated August 18, 2016, Debtor denied that "[w]ithin 1 year before filing this case" that

Debtor "provide[d] an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions and [exercised] options."

## FINANCIAL TRANSFERS

25. The Financial Transfers to Kexin Carhart, as noted above, with each identified check specifically written to Kexin Carhart, include:

| Date Check Issued | Carhart, Inc. Check Number | Amount of Check |
|---|---|---|
| 2/21/12 | 19073 | $6,465.12 |
| 3/30/12 | 19081 | $12,914.92 |
| 4/16/12 | 19085 | $60,000.00 |
| 6/26/12 | 19093 | $6,286.25 |
| 8/25/12 | 19110 | $30,079.50 |
| 9/11/12 | 19121 | $2,050.00 |
| 9/11/12 | 19122 | $9,310.75 |
| 10/25/12 | 19130 | $2,050.00 |
| 10/25/12 | 19131 | $9,310.75 |
| 11/24/12 | 19147 | $2,050.00 |
| 11/24/12 | 19148 | $9,310.75 |
| 12/26/12 | 19155 | $9,310.75 |
| 12/26/12 | 19163 | $2,050.00 |
| 12/30/12 | 19166 | $34,373.50 |
| 1/28/13 | 19171 | $11,360.75 |
| 2/25/13 | 19186 | $11,360.75 |
| 3/25/13 | 19193 | $11,360.75 |
| 4/25/13 | 19200 | $10,425.96 |
| 6/25/13 | 19244 | $22,291.92 |
| 7/25/13 | 19222 | $11,145.96 |
| 9/25/13 | 19247 | $11,145.96 |

26. On information and belief, the Debtor made the Financial Transfers without receiving reasonable equivalent value in return.

27. On information and belief, the Debtor made the Financial Transfers with the intent to hinder or delay its creditors.

28. On information and belief, the Financial Transfers were not salary payments or other expenses associated with employment, and Defendant did not pay any state or federal taxes on the Financial Transfers.

## COUNT I
### Avoidance and Recovery of Financial Transfers Pursuant to
### 740 ILCS 160/5(a)(2) and 11 U.S.C. §§ 544 and 550

29. The Trustee incorporates and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 28 as if fully set forth herein.

30. The Debtor received less than reasonably equivalent value in exchange for the Financial Transfers.

31. At the time of each of the Financial Transfers, the Debtor: (a) was engaged or was about to engage in business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or (b) intended to incur, or believe or reasonably should have believed that it would incur, debts beyond his ability to pay as they become due.

32. At the time of each of the Financial Transfers, the Financial Transfers constituted substantially all of the Debtor's assets that were not exempt or subject to a lien.

33. On information and belief, at the time of the Financial Transfers, the sum of the Debtor's debts was greater than the value of all of the Debtor's assets that were not exempt or subject to a lien.

34. Pursuant to 740 ILCS 160/5(a)(2) and section 544(b) of the Bankruptcy Code, the Financial Transfers constitute fraudulent transfers that are voidable.

35. The Defendant was the first transferee of the Financial Transfers and/or the entity for whose benefit the Financial Transfers were made.

36. Pursuant to 740 ILCS 160/9 and section 550 of the Bankruptcy Code, the Trustee is entitled to recover the value of the Financial Transfers from the Defendant.

**Wherefore**, the Trustee respectfully requests that this Court enter judgment in his favor and against the Defendant: (a) awarding the Trustee $198,988.05, or such higher amount as may be established at trial, plus pre- and post-judgment interest, costs, and attorney's fees, (b) avoiding the Financial Transfers, and (c) granting any other appropriate relief.

## COUNT II
### Avoidance and Recovery of Financial Transfers Pursuant to 740 ILCS 160/5(a)(1) and 11 U.S.C. §§ 544 and 550

37. The Trustee incorporates and realleges each and every allegation contained in the foregoing paragraphs 1 through 37 as if fully set forth herein.

38. On information and belief, at the time of the Financial Transfers the value of the property transferred was at least $198,988.05.

39. Defendant and Chris E. Carhart are "insiders" pursuant to 740 ILCS 160/2(g).

40. The Debtor made the Financial Transfers with the actual intent to hinder, delay or defraud one or more of the Debtor's creditors, including, but not limited to Halaska, CHI and/or Halaska International.

41. Pursuant to 740 ILCS 160/5(a)(1) and section 544(b) of the Bankruptcy Code, the Financial Transfers are voidable.

42. Defendant was the first transferee of the Financial Transfers and/or the persons for whose benefit the Financial Transfers were made.

43. Pursuant to 740 ILCS 160/9 and section 550 of the Bankruptcy Code, the Trustee is entitled to recover the value of the Financial Transfers from the Defendant.

**Wherefore**, the Trustee respectfully requests that this Court enter judgment in his favor and against the Defendant: (a) awarding the Trustee $198,988.05 or such higher amount as may be established at trial, plus pre- and post-judgment interest, costs, and attorney's fees, (b) avoiding the transfer of the Financial Transfers to the Defendants, and (c) granting any other appropriate relief.

## COUNT III
### Turnover of estate property pursuant to 11 U.S.C. § 542

44. The Trustee incorporates and realleges each and every allegation contained in the foregoing paragraphs 1 through 43 as if fully set forth herein.

45. If the Financial Transfers are avoided, the property transferred is estate property (the "**Avoided Property**").

46. On information and belief, the Defendant is in possession, custody, or control of the Avoided Property.

47. The Avoided Property is of value to the estate, as it is worth in excess of $198,988.05.

**Wherefore**, the Trustee respectfully requests that this Court enter judgment in his favor and against the Defendant: (a) declaring the Avoided Property to be property of the estate, (b) compelling the Defendants to turn over the Avoided Property to the Trustee, and (c) granting any other appropriate relief.

Dated: July 30, 2018

                  **Joji Takada**, not individually, but as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Carhart, Inc.

                  By: */s/ Nathaniel Cade, Jr.*
                  One of his attorneys

                  Nathaniel Cade, Jr.
                  (Wis. Bar No. 1028115)
                  **CADE LAW GROUP LLC**
                  P.O. Box 170887
                  Milwaukee, WI 53217
                  (414) 255-3802 (phone)
                  (414) 255-3804 (fax)
                  nate@cade-law.com