# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | Chapter 7 |
| **CARHART, INC.**, | Bankruptcy No. 16-24720 |
| Debtor. | Honorable Pamela S. Hollis |
| **JOJI TAKADA**, not individually but as chapter 7 trustee for the bankruptcy estate of Carhart, Inc., | |
| Plaintiff, | Adv. No.: 2018-AP-00273 |
| v. | |
| **KEXIN CARHART** | |
| Defendants. | |

**BRIEF IN OPPOSITION OF KEXIN CARHART'S MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS ADVERSARY COMPLAINT**

Joji Takada, not individually but as chapter 7 trustee (the "Plaintiff"), for the bankruptcy estate of Carhart, Inc. (the "Debtor"), by his attorneys, Nathaniel Cade, Jr., of Cade Law Group LLP, pursuant to the Court's December 14, 2018 Order, responds to Kexin Carhart's Motion to Quash Service of the Summons and to Dismiss the Adversary Complaint, as follows:

## **FACTS**

1. The Adversary Summons and Complaint originally was filed with the Court on July 31, 2018.

2. A copy of the Summons and Complaint was served via mail through USPS Priority Mail to Kexin Carhart's[1] last known address on August 6, 2018 by Attorney

---

[1] As alleged in the Complaint, Kexin Carhart is the spouse of Chris Carhart, the owner of Debtor Carhart, Inc.

Nathaniel Cade, Jr. Declaration of Nathaniel Cade, Jr. ("Cade Decl."), at ¶ 5 and Ex. A. This mail was not returned as undeliverable. Cade Decl., at ¶ 6. In addition, Attorney Cade also attempted to have Ms. Carhart served personally, but when the process server could not obtain personal service, he mailed the summons and complaint to Ms. Carhart's address in Florida. Cade Decl., Ex. 7.

3. On November 5, 2018, Attorney Cade filed an amended Alias Summons.

4. A copy of the amended Alias Summons, as well as a copy of the original Summons and Complaint, was served via mail through USPS Priority Mail to Kexin Carhart's last known address in Florida on November 8, 2018. Cade Decl., Ex. C.

5. The Priority Mail service with the Alias Summons was not returned as undeliverable.

6. Chris Carhart, the spouse of Kexin Carhart, filed a personal bankruptcy through Chapter 7 on July 29, 2016 in the Bankruptcy Court for the Middle District of Florida. *See In re Chris Carhart*, M.D. Fla. Bank. Case Number 9:16-bk-06499-FMD (hereinafter, the "Carhart Bankruptcy").

7. In the Carhart Bankruptcy, Chris Carhart identified his home address as 621 Seaview Court, #P2, Marco Island, FL 34145 (the "Florida Property"). Cade Decl., at Ex. D, at p. 1. In addition, Chris Carhart indicated that he lived at his home address in Florida with his spouse, Kexin Carhart. *Id.*, at p. 26 (of 48).

8. In the Carhart Bankruptcy, Chris Carhart identified two residential properties that he owned jointly with his spouse, the Florida Property and property located at 3512 White Eagle Drive, Naperville, IL 60564 ("Illinois Property"). Ex. D. , at pages 1 and 2.

9. In a lawsuit against Chris Carhart and Carhart, Inc. in Ozaukee County,

Wisconsin (the "Wisconsin Lawsuit"), Chris Carhart was deposed multiple times under oath. Cade Decl., Ex. E.

10. In his November 25, 2013 deposition, Chris Carhart represented that both he and his wife, Kexin, were residents of the State of Florida. Ex. E, at 200:9-201:7.

11. The Florida Property is located in Collier County, Florida. According to the Collier County Tax Collector website, as of January 6, 2019, Kexin and Chris Carhart are still listed as the owners of the Florida Property. Cade Decl., Ex. F.

12. Although Chris Carhart received a discharge as of April 19, 2018, the Carhart Bankruptcy case is still active, as the trustee has not concluded his work on that case. Cade Decl., Exs. G and H.

13. In the Carhart Bankruptcy (and a related adversary proceeding against Kexin Carhart, *Tardiff, Jr. v. Carhart*, M.D. Fla. Case Number 9:17-AP-0505-FMD), Attorney John Biallas represented Kexin Carhart. Cade Decl., Ex. G.

14. When Attorney Biallas entered his appearance for Kexin Carhart in the Carhart Bankruptcy, he did not list or identify a home address for her, as all correspondence and notice was sent to "Kexin Carhart c/o John S. Biallas, 3 N. Sunrise Lane, St. Charles, IL 60174." Cade Decl., Ex. I. Attorney Biallas has not identified the Aberdeen, Illinois address as Kexin Carhart's home address.

15. Attorney Biallas is still listed as counsel of record for Kexin Carhart in the Carhart Bankruptcy, and he has not withdrawn or terminated his representation. Cade Decl., ¶ 23.

16. Besides representing Kexin Carhart in the Carhart Bankruptcy, Attorney Biallas also was a party to an adversarial proceeding related to the Carhart Bankruptcy.

3

*See Tardiff, Jr. v. Biallas*, M.D. Fla. Bankr. Case Number 9:16-AP-0838-FMD. Cade Decl., ¶ 25.

17. Attorney Biallas entered into a settlement agreement with the trustee, whereby Attorney Biallas paid $5,000 to settle a fraudulent conveyance allegation of a transfer of funds from Chris Carhart to Attorney Biallas. Cade Decl., Ex. J.

18. Attorney Biallas also is counsel of record for Carhart, Inc. in this bankruptcy, and he receives all electronic filing notices.

19. Attorney Cade, prior to filing the Adversary Summons and Complaint, did not contact or attempt to contact Ms. Carhart, as Attorney Biallas is still her legal counsel in the Florida lawsuit (besides being counsel to Carhart, Inc. in this bankruptcy and to Chris Carhart in the Wisconsin Litigation). Cade Decl., ¶ 298.

20. Prior to filing the Adversary Summons and Complaint, Attorney Cade performed an Internet search of multiple websites. During the search, the only addresses identified for Kexin Carhart were the Florida Property and the Illinois Property. Cade Decl., ¶ 29.

21. At no point in time during the Carhart Bankruptcy, even through January 4, 2019, has Attorney Biallas updated Ms. Carhart's address with the Florida bankruptcy court. Cade Decl, ¶ 30.

22. At no point in time has Attorney Biallas or Ms. Carhart ever sent Attorney Cade correspondence or notice that Ms. Carhart resided in Aberdeen, Illinois. Cade Decl, ¶ 31.

## **ARGUMENT**

Fed.R.Bank. 7004(b)(1) provides that

(b) SERVICE BY FIRST CLASS MAIL. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)–(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

(1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

Under Rule 7004(b)(1), "[t]here is no requirement that the summons and complaint actually be received" by the party being served. *In re Sadadi*, 431 B.R. 478, 481 (Bankr. D. Az. 2010). *See also In re Vincze*, 230 F.3d 297, 298 (7th Cir. 2000). Courts have also held that "mailing a notice by first class mail to a party's last known address is sufficient to satisfy due process." *DeVore v. Marshack*, 223 B.R. 193, 196 (9th Cir. 1998), citing *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 736 (5th Cir. 1995).

Here, Service of Process was accomplished on Kexin Carhart through USPS Priority Mail on August 6, 2018 sent to the last known address that the Trustee had for Kexin Carhart. Cade Decl., Exs. A and B, and ¶¶ 5, 7. Service is presumed through the filing of an Affidavit of Service. *In re Brackett*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000). An Affidavit of Service was filed with the Court on August 6, 2018. Cade Decl., Ex. A. Federal Rule of Bankruptcy Procedure 7012(a) required Defendant to serve an answer or responsive pleading within 30 days, which Kexin Carhart failed to do.

As a defense to the Trustee's motion for default judgment, Ms. Carhart argues that she moved from the Illinois Property to her new residence in Aberdeen, Illinois on June 6, 2018 and that the Aberdeen address is her "dwelling place and usual place of abode."

Affidavit of Kexin Carhart, at ¶ 4. Ms. Carhart also indicates that she previously possessed a Florida driver's license but turned that in to the Illinois Secretary of State and was issued an Illinois driver's license. *Id.*, at ¶¶ 5-6. Based on these arguments, Ms. Carhart argues that she was never "served" with the Summons and Complaint. Ms. Carhart is wrong.

### I. MS. CARHART DOES NOT DENY THAT SHE RECEIVED THE SUMMONS AND COMPLAINT, AND THUS SHE FAILS TO MEET HER BURDEN OF PROPER SERVICE.

Ms. Carhart was served with the Summons and Complaint, pursuant to Rule 7004. It thus is her burden to challenge service of process. "Because an affidavit of service is prima facie evidence of proper service, the burden is paced upon the moving parties to show that they did not receive service of process." *In re Brackett*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000).

The law presumes that if a piece of mail is sent, it is received. *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932) ("the rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); *In re Nimz Transportation, Inc.,* 505 F.2d 177, 179 (7th Cir. 1974); *In re Chicago P'ship Bd., Inc.,* 236 B.R. 249, 256 (Bankr. N.D. Ill.1999) (the presumption that the addressee of a properly addressed and mailed notice receives that notice may be rebutted only by "direct" and "substantial" evidence).

Here, Ms. Carhart does not state that she did not receive the Summons and Complaint, which was mailed to the Florida Property. *People of the State of New York v. Operation Rescue Nat'l,* 69 F.Supp.2d 408, 416 (W.D.N.Y.1999)("The mere denial of receipt of service ... is insufficient to overcome the presumption of validity of the process

6

server's affidavit."). Instead, her sole argument is that as of June 6, 2018, her place of residence was in Aberdeen, Illinois. But that argument fails because she has never denied that she actually received the Summons and Complaint.

The argument also fails because remains an owner of the Florida Property, Cade Decl., Exs. E and F, and ¶¶ 13-15, 17-18, and "it is the place, at the time of service, at which one could reasonably expect to find the individual sought living." *In re M & L Business Mach. Co., Inc.*, 190 B.R. 111, 117 (Bankr. D. Co. 1995). In her affidavit, Ms. Carhart fails to explain how mail sent to her Florida Property is handled or forwarded in her absences. The Rule regarding service merely requires mail to be sent to an address. *In re Sadadi*, 431 B.R. at 481; *In re Vincze*, 230 F.3d at 298; *DeVore*, 223 B.R. at 196. Moreover, as noted, the U.S. Postal Service did not return the mail containing the Summons and Complaint sent to Ms. Carhart at the Florida Property. Cade Decl., ¶ 6.

Finally, as noted below, Ms. Carhart's argument also fails when one considers that a person can have more than one place of residence.

## II. A PERSON CAN HAVE MORE THAN ONE RESIDENCE FOR PURPOSES OF RULE 7004.

Ms. Carhart does not state or argue that the Aberdeen address is her <u>only</u> place or place of abode, probably because she cannot. "There is nothing startling in the conclusion that a person can have two or more dwelling houses or usual places of abode, provided each contains sufficient indicia of permanence." *National Development Company v. Triad Holding Corp.,* 930 F.2d 253, 257 (2nd Cir. 1991). Indeed, several courts have found that

> Our highly mobile and affluent society has relegated to history the days when an individual had but a single residence. Thus, as the Second Circuit has acknowledged, " 'it is unrealistic to interpret [Rule 4(e) ] so that a person

7

>to be served has only one dwelling house or usual place of abode at which process may be left.' " *National Development Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2nd Cir.1991) . . . Hence, for purposes of effecting service under Rule 4(e), an individual can have multiple " 'dwelling houses or usual places of abode,' provided each contains sufficient indicia of permanence." *Nat'l Development*, 930 F.2d at 257.

*Popsockets, LLC v. Hueffner*, 2018 WL 4568823 (E.D. Wis. September 24, 2018), quoting *Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994), citing *National Development Co. v. Triad Holding Corp.*, 930 F.2d at 257 930. *See also In re Premium Sales Corp*, 182 B.R. 349, 351, 354 (Bankr. S.D.Fl. 1995).

These cases all are instructive that a person can have more than one dwelling or abode. Indeed, Wright & Miller have commented that

>Thus, it may be that if a place is capable of classification as a dwelling house or usual place of abode and notice actually is received by defendant when served at that place, the service will be sustained. This approach seems especially appropriate when there is no place significantly more desirable for the papers to be left.

*In re Premium Sales Corp.*, 182 B.R. at 354, citing 4A C. Wright & A. Miller, *Federal Practice & Procedure,* § 1096, p. 20 (2d ed. 1995 Pocket Part).

### III. CHRIS CARHART REPRESENTED UNDER OATH THAT THE FLORIDA PROPERTY WAS THE LEGAL RESIDENCE FOR KEXIN CARHART.

Chris Carhart was deposed several times in the underlying lawsuit against him in the Circuit Court for Ozaukee County, Wisconsin. During his first deposition, Mr. Carhart represented that both he and Kexin Carhart had their legal residence, for tax purposes, in Florida at the Florida Property:

```
 9 Q. Okay. What do you consider your residence to be?
10 A. Our legal residence is Marco Island, Florida.
11 Q. Okay. So your tax returns are filed --
12 A. Marco Island, Florida.
13 Q. -- your state -- the State of Florida -- they
14 don't have an income tax, but to the extent you
```

> 15 have claim anything, it's through the State of
> 16 Florida?
> 17 A. That's correct.
> 18 MR. KUZMANOVIC: Individually?
> 19 MR. CADE: Well, individually, yes. To
> 20 the extent there's -- the corporation, it's still
> 21 Illinois.
> 22 THE WITNESS: The corporation is still
> 23 in Illinois.
> 24 BY MR. CADE:
> 25 Q. Correct. But to the extent it flows down to you
> Deposition of CHRIS E. CARHART, 11/25/13 Page 201
> 1 as an individual from the corporation, that's
> 2 through the State of Florida?
> 3 A. I'm personally a resident of the State of Florida.
> 4 Q. Correct.
> 5 A. My wife is personally a resident in the State of
> 6 Florida, and the corporation is still registered
> 7 in Illinois.

Cade Decl., Ex. E at 200:9-201:7.

Here, the Florida Property is and continues to be a residence of Kexin Carhart, and service of process by mail to her home in Florida was proper.

### IV. MS. CARHART PRESUMABLY HAD NOTICE OF THE FILING OF THE SUMMONS AND COMPLAINT THROUGH HER ATTORNEY, JOHN BIALLAS.

Attorney Biallas is counsel for Carhart, Inc. in this case, and thus receives all notices and filings, including the Summons and Complaint. He also is and remains counsel of record for Ms. Carhart in the Carhart Bankruptcy in Florida. Cade Decl., Exs. G, H and I. While there is no evidence that Attorney Biallas has agreed to accept service of process for Ms. Carhart *in this case*, he certainly could have (and probably ethically should have) alerted her that a lawsuit was filed against her, especially as he would be conflicted from representing her in this case. *See* Illinois Rules of Professional Conduct of 2010, at Rule 1.4 (Communication); *In re Trexler*, 295 B.R. 573, 583 n.11 (Bankr.

D.S.C. 2003), overruled on other grounds, 2004 WL 1474660 (D. S.C. April 15, 2004)("The Court expresses its skepticism that all Defendants living in at least two separate residences did not receive service of process or communicate among themselves about this adversary proceeding although Debtor knew of the proceeding and that his family members and the limited liability companies were named as defendants.").

Here, it is equally hard to believe that Attorney Biallas, who has practiced law for over forty years, upon receiving notice that an adversary complaint has been filed against his client would not inform her of the filing, and at least either warn her about the issues implicated or the possibility of a potential default judgment.

More importantly, so long as Attorney Biallas remains counsel of record for Ms. Carhart in the Carhart Bankruptcy, the Trustee's counsel could not ethically contact or communicate with her to confirm her address, especially if the subject area of the contact relates in any way to the representation. *See, e.g.,* Illinois Rules of Professional Conduct of 2010, at Rule 4.2 (" In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.". Thus, while Ms. Carhart claims that she has "lived openly and notoriously at Aberdeen" since June 6, 2018, she fails to indicate that counsel for the trustee could or would know that fact when he could not communicate with her, and she never communicated that to him. Cade Decl. ¶¶ 28-31 and Ex. I.

## **CONCLUSION**

Plaintiff Joji Takada, not individually but as chapter 7 trustee for the bankruptcy estate of Carhart, Inc., requests that this Court deny Defendant Kexin Carhart's Motion to

Quash Service of Summons and to Dismiss the Adversary Complaint. Takada further requests that this Court grant his motion for default judgment against Defendant Kexin Carhart, and enter an order of default judgment against Defendant, Kexin Carhart, in the amount of at least $198,988.05 for her failure to appear and to file a responsive pleading to Plaintiff's Complaint, and for any additional relief this Court deems necessary.

Dated: January 6, 2019

**Joji Takada**, not individually, but as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Carhart, Inc.

By: */s/ Nathaniel Cade, Jr.*
One of his attorneys

Nathaniel Cade, Jr.
**CADE LAW GROUP LLC**
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com